IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALFREDO CESMAS OCAMPO, )
 )
        Petitioner, )
 ) 1:06CV527
v. )
 )
SID HARKLEROAD, )
 )
        Respondent. )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Respondent's motion for summary judgment (docket no. 6). Petitioner has responded in opposition to the motion, and in this posture the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

**BACKGROUND**

Petitioner is a state court prisoner who is serving four consecutive terms of 240-297 months imprisonment on his convictions by a jury of numerous statutory rape and felony incest charges. In summary, the jury believed that Petitioner engaged in sexual intercourse and other sexual conduct with his daughters over an extended period of time, even impregnating one of his daughters. On appeal, the North Carolina Court of Appeals found no error. *State v. Ocampo*, No. COA04-607, 2005 WL 1018190 (N.C. Ct. App. May 3, 2005). Petitioner's Motion for Appropriate Relief (MAR) was summarily denied in the superior court, and the court of appeals denied certiorari. There is no contention that this federal petition is untimely.

In this court, Petitioner contends that trial counsel was ineffective because 1)

counsel failed to file a motion *in limine* to preclude testimony that he had sexually abused one of his daughters in Texas, 2) counsel failed to investigate and present certain rebuttal witnesses, and 3) counsel failed to have blood testing done to prove that another person was the father of his daughter's child.

## **STANDARD OF REVIEW**

As noted, this matter is at summary judgment. In a habeas case, "not. . . every set of allegations not on its face without merit entitles a . . . petitioner to an evidentiary hearing. As in civil cases generally, there exists a procedure whose purpose is to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence. That procedure is, of course, the motion for summary judgment." *Blackledge v. Allison*, 431 U.S. 63, 80 (1977). Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. International Business Machines, Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return

2

a verdict for that party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Development Corp. v. Calvert County, Md.* 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence, or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

It is too glib, however, simply to say that the standard formulation for assessing summary judgment in the run-of-the-mill civil case applies in all habeas cases. For example, no habeas application by a state court prisoner may be "granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As another example, in a habeas claim of ineffective assistance of counsel, a federal court "must indulge a strong presumption that counsel's conduct was reasonable, and . . . the petitioner must overcome the presumption that the challenged conduct may

3

have been sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Nevertheless, the point is that habeas cases are subject to a summary judgment analysis as are all civil cases. See Rule 11, Rules Governing Section 2254 Cases In The United States District Courts; *see also Maynard v. Dixon*, 943 F.2d 407, 412-13 (4th Cir. 1991)(FED. R. CIV. P. 56 applies to habeas proceedings); *but cf.*, 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4268, p. 485 (2d ed. 1988)("The procedure of applications for habeas corpus for state prisoners is a confusing amalgam, to be found in a variety of different sources. There are a number of procedural provisions in the habeas corpus statutes themselves.").

In this "merits review" pursuant to 28 U.S.C. § 2254(b)(2), the court must conduct an "independent examination of the record and the clearly established Supreme Court law." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000) (en banc). This court emphasizes that this review is confined to whether the "result" of the state superior court's decision on Petitioner's MAR is contrary to or an unreasonable application of clearly established federal law or based upon an unreasonable determination of facts. *Id.* at 163 (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)); *see also Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding these pitfalls does not require citation of our cases--indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the *result* of the state-court decision contradicts them.")(first emphasis in original, second emphasis added).

## **ANALYSIS**

The first prong of the ineffective assistance of counsel (IAC) claim is that trial counsel should have filed a motion *in limine* to preclude testimony that Petitioner had sexually abused one of his daughters in Texas. Respondent contends that this prong of the IAC claim is procedurally defaulted and habeas review is barred in this court. Respondent makes this argument apparently because Petitioner raised this claim for the first time on direct review in the court of appeals, and thereafter he did not seek discretionary review in the state supreme court; moreover, Petitioner did not include this prong of the IAC claim in his MAR. Respondent's contention, at bottom, is that, as to this prong of the IAC claim, Petitioner has failed to give the state courts "one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Responding to this argument, Petitioner has asked this court that he be permitted to withdraw this prong of the IAC claim and proceed on the remaining two. There is no need for the court to consider the withdrawal motion, however, because this first prong of the IAC claim is not exhausted.

Title 28 U.S.C. § 2254(b) bars the granting of federal habeas corpus relief unless it appears that the applicant has first exhausted the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(b). Thus, if a petitioner had the right to raise in the state courts the question presented to the federal court on habeas review

5

but failed to do so, then he has not exhausted his available state remedies. *See* 28 U.S.C. § 2254(c). The Supreme Court has interpreted these exhaustion provisions to mean that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. at 845. To satisfy the exhaustion requirement, then, a habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claims. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Supreme Court has recently re-affirmed the exhaustion requirement. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal citations and quotation marks omitted).

As noted, Petitioner here presented this first prong of the IAC claim for the first time on his direct appeal to the court of appeals. After the claim was denied in the court of appeals, Petitioner failed to petition the North Carolina Supreme Court for discretionary review. *See O'Sullivan v. Boerckel*, 526 U.S. at 848 (stating that claims not raised in a petition for discretionary review to the state supreme court from an intermediate state appellate court on direct review were non-exhausted and were therefore procedurally barred from federal habeas review). In addition,

6

Petitioner failed to include this first prong of the IAC claim in his MAR. Thus, it appears that Petitioner has not properly exhausted this prong of the IAC claim in the state court before bringing it here, and it is subject to dismissal for that reason alone.

In any event, this claim is without merit because the state court of appeals decision addressing Petitioner's IAC claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law.[1] More to the point, the court of appeals set out the correct *Strickland* standard; then the court addressed the evidence which Petitioner claims should have been excluded and concluded that the evidence was properly admitted. *See* 2005 WL 1018190, at *4-*5. Trial counsel cannot be ineffective for failing to seek exclusion of evidence which is proper under the rules of evidence. This first prong of the IAC claim is without merit.

Next, Petitioner claims that counsel was ineffective because counsel failed to investigate and present certain rebuttal witnesses. This same contention was presented to the MAR court. The MAR court determined that Petitioner's contention that counsel should have called certain witnesses to establish that they had "no independent knowledge of any sexual abuse" was without merit. More to the point, the MAR court said that, even if Petitioner's contention is true, the evidence he says was not presented was the same as the evidence elicited at trial from the mother of

---

[1] If a petitioner fails to exhaust available state remedies, a federal court may still deny the writ of habeas corpus on its merits. *See* 28 U.S.C. § 2254(b)(2).

one of the victims, and failure to call additional witnesses on this point was a strategic decision; the lost evidence is not exculpatory; and even if it had been presented, it would not have affected the outcome of the trial.

Petitioner's burden in this court is to show that the state court's decision is contrary to or an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(b); *see also Strickland*, 466 U.S. at 689 (noting that a petitioner must overcome the presumption that counsel rendered reasonable professional assistance); *United States v. Cronic*, 466 U.S. 648, 658 (1984) (noting that the burden rests on a petitioner to demonstrate ineffective assistance). While the MAR court did not directly cite to *Strickland*, it is clear that is the standard used. *See Strickland*, 466 U.S. at 690-91, 693, 694, 695 (noting that strategic choices made by counsel are "virtually unchallengeable;" that a petitioner must show that particular errors of counsel were both unreasonable and that they "actually had an adverse effect on the defense;" that a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" that the issue on IAC claim is whether there is a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"). Petitioner has failed to meet this burden, and this second prong of the IAC claim is without merit.

Next, Petitioner claims IAC because counsel failed to have a blood test done to prove that another man was the father of Petitioner's daughter's child. This

8

contention was presented to the MAR court. The MAR court found the contention meritless because Petitioner had not shown that he told his attorney that he was not the father of the child. The contention in this court suffers from the same deficiency. More to the point, here Petitioner says that there should have been a blood test "where there was evidence that another suspect" was the child's father; yet, Petitioner fails to show to this court the nature of that so-called evidence. And, like the MAR petition, his petition here fails to state that he told his attorney that he was not the child's father.[2] *See Strickland*, 466 U.S. at 691 (noting that counsel's actions may be judged, in part, by a defendant's own statements and actions). Petitioner has failed to carry his burden on this prong of the IAC claim.

**CONCLUSION**

For all these reasons, **IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 6) be **GRANTED**.

_____
Wallace W. Dixon
United States Magistrate Judge

September 26, 2006

---

[2] To the extent that Petitioner claims that one Daniel Rodriguez is the father of the child, any such claim is pure sophistry. First, Petitioner's daughter said that she made up that name to give it to the social workers because she was scared of Petitioner. *See* Trial Transcript, pp. 64-65. Thus, the record supports the conclusion that the name is purely fictional and Petitioner knows as much. Second, at trial Petitioner swore that he did not know who was the father, *id.* at p. 413, and that he never asked his daughter who was the father, *id.* at 433. Accordingly, Petitioner's contention that his trial lawyer should have ordered a blood test on this fictional person is flagrantly deceitful.

9